# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Christopher Chapman,**
**Petitioner Below, Petitioner**

**FILED**

October 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 13-0084** (Raleigh County 12-C-918)

**David Ballard, Warden, Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christopher Chapman, appearing *pro se*, appeals the order of the Circuit Court of Raleigh County, entered January 14, 2013, that summarily dismissed his petition for writ of habeas corpus. Respondent Warden, by counsel Andrew Mendelson, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is an inmate at Mt. Olive Correctional Complex who is serving multiple sentences for separate offenses. This appeal regards petitioner's conviction out of Raleigh County for the felony offense of receiving stolen goods. For both the Raleigh County offense and an unrelated Kanawha County offense, petitioner had his prison sentences suspended in favor of alternative sentencing. According to the record, petitioner's Kanawha County offense was "similar" in nature to his Raleigh County offense.

The Raleigh County Circuit Court and the Kanawha County Circuit Court both alternatively sentenced petitioner to the Anthony Center. However, after successfully completing the Anthony Center program, petitioner failed to successfully complete his probation. According to petitioner's petition, on July 18, 2011, he was convicted of armed robbery in Mercer County and sentenced to thirty years in prison, to be served consecutively.

On October 27, 2010, the Raleigh County Circuit Court revoked petitioner's probation and imposed the original sentence of one to ten years in prison for receiving stolen goods, to be served consecutively to his Kanawha County sentence. Subsequently, on November 2, 2012, petitioner filed a petition for a writ of habeas corpus and motion for the appointment of counsel in regard to his Raleigh County conviction. In his petition, petitioner alleged that trial counsel provided ineffective assistance because counsel advised that if petitioner quickly pled guilty to the Raleigh

1

County charge, the State would reduce the offense to a misdemeanor and he would receive a sentence concurrent with the Kanawha County sentence. Petitioner asserted that counsel's advice caused him to waive both his right to be indicted and his right to have a presentence investigation report ("PSI") prepared. Petitioner averred that but for counsel's advice, he would have insisted on a trial.

In an order entered January 14, 2013, the circuit court summarily dismissed the petition as frivolous and without merit. The circuit court found that "[t]he Petition, in and of itself, is sufficient for the court to conduct a fair adjudication" and that as "Petitioner has clearly articulated his arguments in the Petition, . . . it is unnecessary for this Court to appoint legal counsel to represent Petitioner." As to petitioner's substantive arguments, the circuit court ruled as follows:

> In regard to the argument that Petitioner's legal counsel advised Petitioner that his criminal charge would be reduced from a felony to a misdemeanor if Petitioner plead guilty to Information 07-IF-351(B), the transcript from the November 19, 2007 Plea and Sentencing Hearing is replete with instances in which the Court told Petitioner that he was being charged with a felony, and that the proposed plea agreement between the parties included Petitioner pleading guilty to a felony. [Citation to Transcript omitted.] Therefore, regardless of what Petitioner's counsel may have discussed with Petitioner, it appears that Petitioner was fully apprised of the nature of his guilty plea to a felony charge during the Plea and Sentencing Hearing of November 19, 2007.

> In regard to the "consecutive versus concurrent" sentence issue, this Court thoroughly examined the transcript from Petitioner's Plea and Sentencing Hearing of November 19, 2007, and notes that Petitioner was directly informed of Judge Burnside's intent to sentence Petitioner to a consecutive sentence with the charge pending in Kanawha County.[1] Petitioner was given the opportunity to voice his objections to the consecutive sentence, or to defer sentencing in favor of the filing a [PSI]. However, Petitioner consciously chose to forego the PSI and to proceed with sentencing even though Judge Burnside acknowledged that he would institute a consecutive sentence without a PSI.[2] [Citation to Transcript omitted.] Therefore, this Court does not believe that Petitioner's constitutional rights were violated when Judge Burnside imposed a

---

[1] According to petitioner's petition, he had already been sentenced in the Kanawha County case at the time of his plea and sentencing in the Raleigh County case.

[2] Petitioner desired to proceed with his sentencing and commence with his Anthony Center program because, in his words, he wanted to get the Raleigh County case and the Kanawha County case "behind me."

consecutive sentence at the November 19, 2007 Plea and Sentencing Hearing.

Accordingly, the circuit court concluded as follows:

> 9. The record from [the] November 19, 2007 Plea and Sentencing Hearing is clear, and it is not cognizable[,] that [petitioner] did not understand (1) that he was pleading guilty to a felony charge, or (2) that his sentence would run consecutively to the . . . Kanawha County criminal charge.

> 10. Petitioner's claim of ineffective assistance of legal counsel, even if true, does not rise to a constitutional magnitude, as Judge Burnside tediously and effectively informed Petitioner of his constitutional rights at the Plea and Sentencing Hearing, and Petitioner knowingly waived these rights in open court.[3]

Petitioner now appeals the circuit court's January 14, 2013 order that summarily dismissed the petition.

We review the circuit court's order under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006). In addition, "[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973).

On appeal, petitioner argues that the circuit court erred in not holding an evidentiary hearing and in not appointing counsel because, given the nature of his claim, the court could not decide it on the record alone. Respondent counters that the circuit court did not err in summarily

---

[3] While petitioner notes on appeal that he had a right to be indicted instead of charged by an information, petitioner both orally waived that right and executed a waiver form on the record.

3

dismissing the petition because the record and transcript of the plea and sentencing hearing did not support petitioner's assertion that trial counsel was ineffective.[4]

This Court has thoroughly reviewed the transcript of the November 19, 2007 plea and sentencing hearing and finds that the transcript clearly supports the circuit court's finding that the petition was frivolous and without merit. The Court also finds that the circuit court discussed with petitioner and his counsel the issues on which petitioner bases his ineffective assistance claim. Therefore, the Court concludes that the record was sufficient to allow the circuit court to decide the claim without an evidentiary hearing or the appointment of counsel and that the circuit court did not abuse its discretion in summarily dismissing the petition.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[4] In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995).

4